IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTURO ROBLES,

       Plaintiff,

vs.                                                   No. 99cv1328 MV/JHG

JOANNE B. BARNHART,[1]
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

       This matter is before the Court on Plaintiff's (Robles') Motion to Reverse for an Award of Continuing Benefits, or in the Alternative, for a Rehearing, filed November 9, 2000. The Commissioner of Social Security issued a final decision finding Robles' impairment had improved, and he could now perform a full range of sedentary work. Therefore, the Commissioner found Robles was no longer disabled and terminated Robles' benefits. Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, the Court finds the motion to remand for a rehearing is well taken and recommends that it be GRANTED.

       Robles, now forty-four years old, applied for disability insurance benefits[2] on June 7,

---

[1] On November 9, 2001, JoAnne B. Barnhart was sworn in as Commissioner of the Social Security Administration. Thus, she is substituted as Defendant in this action.

[2] Although Plaintiff claims he also applied for Supplemental Security Income (SSI), the ALJ's February 18, 1988 Decision indicates Plaintiff applied for a Period of Disability and Disability Insurance Benefits. Tr. 350.

1985, alleging disability since August 22, 1980, due to chronic abdominal pain secondary to abdominal trauma, with multiple subsequent surgeries resulting in adhesions, foreign body granulomas and bowel obstructions. On February 18, 1988, the Commissioner's Administrative Law Judge (ALJ) found that Robles was disabled within the meaning of the Social Security Act. On January 17, 1996, the Commissioner notified Robles his disability had ceased on January 1, 1996, and his benefits were being terminated. Robles appealed. The ALJ held a hearing on August 5, 1997. On August 18, 1997, the ALJ found that Robles' medical condition had improved. Robles had past relevant work as a roofer, laborer and ranch hand. The ALJ found that Robles could not return to his past relevant work. Applying the Medical-Vocational Guidelines ( the grids), the ALJ found Robles could perform the full range of sedentary work. The Appeals Council denied Robles' request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Robles seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). The Court will neither reweigh the evidence as it evaluates the record, nor will it substitute its judgment for that of the agency. *See Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). "Failure to apply the correct legal standard or to provide the Court with a sufficient basis to determine that appropriate legal principles have been

2

followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)(quoting *Smith v. Heckler*, 707 F.2d 1284 (11th Cir. 1983).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). In a benefit termination case, the regulations of the Social Security Administration require the Commissioner to apply the following specific evaluation steps to determine whether the disability will continue.

1. Is the claimant engaged in substantial gainful activity? If the claimant is (and any applicable trial work period has been completed), the disability has ended.

2. Does the claimant have an impairment or combination of impairments which meets or equals the severity of an impairment listed in Appendix 1 of 20 C.F.R. § 404, Subpart P? If so, the disability will continue.

3. Has there been a medical improvement? If yes, is the medical improvement related to the ability to do work?

4. If there has been medical improvement, does the claimant have a severe impairment or combination of impairments? If not, the disability has ended.

5. Can the claimant perform his past relevant work? If yes, the disability has ended.

6. If not, does the claimant have the residual functional capacity to perform any other work?

20 C.F.R. § 416.994(b)(5).

The ultimate burden of proof lies with the Commissioner in a termination proceeding. *Glenn v. Shalala*, 21 F.3d 983, 987 & n.2 (10th Cir. 1994). Medical improvement is defined as any decrease in the medical severity of the impairments present at the time of the most recent favorable medical decision of disability. 20 C.F.R. § 416.944(b)(1)(i). A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with the impairment(s). *Id.* Symptoms are a claimant's own description of his or her physical or mental impairment. 20 C.F.R. § 416.928(a). The claimant's statements alone are not enough to establish that there is a physical or mental impairment. *Id.* Signs are anatomical, physiological, or psychological abnormalities which can be observed, apart from a claimant's statements. 20 C.F.R. § 416.928(b). Signs must be shown by medically acceptable clinical diagnostic techniques. *Id.* Laboratory findings are anatomical, physiological, or psychological phenomena which can be shown by the use of a medically acceptable laboratory diagnostic techniques, i.e., chemical tests, EEG, EKG, x-rays. 20 C.F.R. § 416.928(c).

In support of his motion to reverse or remand, Robles makes the following arguments: (1) the ALJ's finding that his medical condition has improved is not supported by substantial evidence and is contrary to law; (2) the ALJ's RFC finding is not supported by substantial evidence and is contrary to law; and (3) the ALJ's findings regarding his pain and his credibility are not supported by substantial evidence and are contrary to law.

In her August 18, 1997 Decision, the ALJ stated as follows:

On February 18, 1988, claimant had chronic abdominal pain, secondary to abdominal trauma, with multiple subsequent surgeries resulting in adhesions, foreign body granulomas and bowel obstructions. On October 4, 1996, Robert J.

> Lowe, MD reports claimant underwent CT scan and small bowel series, both were normal.
>
> Accordingly, there has been a decrease in the severity of claimant's physical and mental impairments since the date of decision by ALJ Boltz. This finding is based on an improvement in the symptoms, signs and laboratory findings. Claimant's abdominal crush injury has healed and his condition effectively treated. The record considered as a whole shows medical improvement.

Tr. 20. In her Decision, the ALJ claims her finding is "based on an improvement in the symptoms, signs, and laboratory findings" yet she fails to cite to the record to support her finding. The fact that Robles' CT scan and small bowel series were normal on October 4, 1996 only indicates that Robles was not suffering from a bowel obstruction at that time. Dr. Brown, the medical expert, testified "there had been improvement except that he required two hospitalizations, one in August– 8/30 to 9/4/96, and the second one 1/12 to 17, of '97." Tr. 41. Dr. Brown testified the first hospitalization was due to an obstruction. Tr. 42. Dr. Brown further testified "in terms of saying that he's better than at the time of cessation, I think we have to consider these two hospitalizations. I would say he had been doing better except for the two hospitalizations in – ." *Id.* Dr. Brown also testified "I don't think he should be totally disabled from, you know, all of the time. I think he is at risk for being temporarily disabled from time to time and in between he should be able to do things." Tr. 44.

In her RFC finding, the ALJ refers to Dr. Lowe "reporting a normal CT scan and abdominal series" and "adopts" Dr. Lowe's findings to conclude that Robles could "perform the full range of sedentary work after January 1, 1996." Tr. 20, 21. The ALJ also stated "Based on Dr. Lowe's findings, claimant was allowed to work at sedentary levels." Tr. 24. However, the Court reviewed the record and failed to find where Dr. Lowe evaluated Robles' RFC. The ALJ

5

also indicated that Dr. Brown, the medical expert, reported Robles could perform most activities normally, he could sit, stand, walk, lift, and carry. Tr. 20. However, Dr. Brown's testimony indicates Robles would be disabled from time to time due to his obstructions. Dr. Brown's testimony does not establish that Robles' functional capacity to do basic work activity has improved to the level that he can engage in sustained and substantial gainful activity. *See Glenn v. Shalala*, 21 F.3d at 987.

More disturbing is the ALJ's pain analysis. The ALJ found "There is no longitudinal medical history for treatment of pain. Adopting Dr. Lowe's findings, claimant's pain is moderate and alleviated with activity limited to sedentary work." Tr. 24. This finding is not supported by the evidence. The record indicates Robles suffers from pain severe enough to require strong narcotic medication (Darvocet and Demerol) and visits to his physician and to the emergency room. Tr. 526, ,529, 530, 531,532, 534, 535, 536, 537, 540, 546, 551, 557, 553, 556,560, 563, 567. Dr. Lowe had also referred Robles to UNM's Pain Clinic for management of his pain. Tr. 537, 551. The ALJ also noted "no weight loss due to loss of appetite" to support her finding that Robles' pain was moderate. Tr. 23. The record is replete with evidence that Robles suffered from nausea, loss of appetite, vomiting and weight loss due to his chronic abdominal pain and bowel obstructions. The Court finds that Robles' chronic abdominal pain is a nonexertional impairment that would preclude reliance on the grids. *See Ragland v. Shalala*, 992 F.2d 1056, 1057 (10th Cir. 1993)(resort to the grids is particularly inappropriate when evaluating nonexertional limitations such as pain).

On remand, the ALJ should cite to the record to support her finding that Robles' condition has improved since1988 and establish that Robles' functional capacity to do basic work activity

6

has improved to the level that he can engage in sustained and substantial gainful activity. *See Glenn v. Shalala*, 21 F.3d at 987. The ALJ should also reevaluate Robles' credibility, reevaluate his RFC, and retain a vocational expert. Since Dr. Lowe has been Robles' treating physician throughout his medical condition, it may assist the ALJ to have Dr. Lowe complete an RFC assessment.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and her decision is not supported by substantial evidence. Robles's Motion to Remand for a Rehearing, filed November 9, 2000, should be granted. This case should be remanded to the Commissioner to allow the ALJ to cite to the record to support her finding that Robles' condition has improved since 1988 and establish that Robles' functional capacity to do basic work activity has improved to the level that he can engage in sustained and substantial gainful activity. The ALJ should also reevaluate Robles' credibility, reevaluate his RFC, and retain a vocational expert.

                                                                                          _____
                                                                                          **JOE H. GALVAN**
                                                                                          **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.